IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UBALDO FIGUEROA-RODRÍGUEZ**, *Plaintiff*, <br><br> v. <br><br> **EDGARDO RODRÍGUEZ-RIVERA**, in his personal capacity, **ELIEZER RAMOS-PARES as Secretary of the PUERTO RICO DEPARTMENT OF EDUCATION, PUERTO RICO DEPARTMENT OF EDUCATION COMMONWEALTH OF PUERTO RICO**, and **JOHN DOES 1–5**, in their personal capacities, *Defendants*. | Civil No. 25-cv-1492 <br><br> **42 U.S.C. §1983, Equal Pay Act.** <br><br><br><br> Plaintiff Demands Trial by Jury |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, **UBLADO FIGUEROA-RODRÍGUEZ**, represented by the undersigned attorneys, and very respectfully **STATES, PLEADS** and **PRAYS** as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

2. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as all defendants reside in Puerto Rico and a substantial part, if not all, of the events or omissions giving rise to this action occurred within this District.

## II. PARTIES

4. Plaintiff **UBALDO FIGUEROA-RODRÍGUEZ** is a resident of the Commonwealth of Puerto Rico. At all relevant times, he was a career public employee and held a permanent position within the Puerto Rico Department of Education ("PRDE"), serving as a theatre professor with nearly thirty years of experience.

5. Defendant **ELIEZER RAMOS PARÉS** is the current Secretary of the Puerto Rico Department of Education and is sued solely in his official capacity for prospective or declaratory relief if and to the extent such relief becomes necessary. Mr. Ramos Parés assumed office in or around January 2, 2025, after the events giving rise to the individual claims against co-defendant Edgardo Rodríguez Rivera. Plaintiff does not allege that Secretary Ramos Parés personally participated in the unconstitutional refusal to reinstate him but includes him to the extent required for enforcement or implementation of any future judgment or remedial order against the Department.

6. Defendant **PUERTO RICO DEPARTMENT OF EDUCATION (PRDE)** is a public instrumentality of the Commonwealth of Puerto Rico and Plaintiff's employer. The PRDE is sued for the limited purpose of establishing context and institutional conduct underlying the individual defendants' actions and any prospective injunctive relief arising from the Plaintiff's claims against employees or agents of the PRDE.

7. The Defendant **COMMONWEALTH OF PUERTO RICO** is the current formal legal name of the **GOVERNMENT OF PUERTO RICO** in the English Language and is

sovereign political entity subject to the jurisdiction of this court, responds for the acts and omissions of its employees and agents when in the execution of their assigned functions have been committed with negligence or fault.

8. Defendant **EDGARDO RODRÍGUEZ RIVERA** is the Director of Human Resources for the PRDE's San Juan Region. He is sued in his personal capacity for acts and omissions taken under color of law, in deliberate indifference to Plaintiff's federally protected rights.

9. Defendants **JOHN DOES 1–5** are individuals whose identities are currently unknown. Upon information and belief, they are employees, officials or agents of the PRDE who directly participated in or ratified the unlawful refusal to reinstate Mr. Figueroa following a binding administrative order. These defendants are sued in their personal capacities. Plaintiff will amend the Complaint to identify these individuals when their identities are become known.

### III. FACTUAL ALLEGATIONS

8. Mr. Figueroa was a permanent employee of the PRDE and served as a theatre professor for nearly three decades prior to his termination in 2023. His position was subject to the protections of the Puerto Rico Public Service Personnel Act and its implementing regulations.

9. In 2023, the PRDE dismissed Mr. Figueroa for purported disciplinary reasons. Plaintiff disputes the allegations that led to the dismissal and maintains that the PRDE's actions were unjustified and retaliatory.

10. As a career public employee, Mr. Figueroa held a protected property interest in his continued employment. The PRDE's dismissal deprived him of this interest without due process and in violation of applicable administrative norms.

11. Following his dismissal, Plaintiff timely filed an appeal before the COMISIÓN APELATIVA DEL SERVICIO PÚBLICO ("CASP"), or Public Service Appeals Commission.

12. On <u>November 27, 2024</u>, CASP issued a final, binding award in Plaintiff's favor. The decision ordered Plaintiff's reinstatement to his prior position and awarded backpay and corresponding benefits.

13. The CASP decision became final and unreviewable by operation of law thirty (30) days after issuance. The PRDE did not seek judicial review or challenge the award through any authorized procedure.

14. Despite the binding nature of the CASP order, the PRDE failed to implement the reinstatement. No legitimate legal or administrative justification was ever provided to Plaintiff for this delay.

15. Defendant **EDGARDO RODRÍGUEZ RIVERA**, as Regional Director of Human Resources for the San Juan Educational Region, on delegation by the Secretary of Education, was the official tasked with implementing the CASP award and reinstating the Plaintiff.

16. Mr. Rodríguez Rivera <u>refused to carry out</u> the reinstatement order for an extended period of time, despite awareness of the ruling, repeated requests that Plaintiff be reinstated, and did so without any lawful excuse whatsoever.

17. Upon information and belief, Defendant Rodríguez Rivera acted with deliberate indifference to Plaintiff's due process rights and intentionally delayed or obstructed compliance with the CASP order.

18. This refusal was not an isolated incident. Plaintiff is informed and believes, and on that basis alleges, that Defendant Rodríguez Rivera has systematically failed to reinstate other

employees who have prevailed in CASP or other administrative forums. This practice is well known within the PRDE and reflects a pattern of retaliatory noncompliance.

19. Plaintiff was ultimately notified of his reinstatement shortly before August 8, 2025, more than eight months after the CASP ordered reinstatement.

20. The PRDE's failure to promptly reinstate Mr. Figueroa, through and by Defendant Mr. Rodríguez Rivera, caused Plaintiff significant financial hardship, emotional distress, and left Plaintiff with no other recourse but to withdraw from his retirement savings to cover living expenses.

21. On July 23, 2025, the PRDE issued payment to Plaintiff in the net amount of $85,436.80 for backpay, and $1,024.20 in accrued Christmas bonuses.

22. During the period between his unlawful dismissal and eventual reinstatement, Plaintiff was forced to prematurely withdraw funds from his retirement savings account to meet basic living expenses. Plaintiff's retirement savings are no longer available to him as a resource having been consumed during his suspension. As a result, Plaintiff incurred a substantial tax penalty and permanently lost eligibility for a monthly retirement annuity he would have received upon reaching retirement age.

23. The retirement program under which Plaintiff was enrolled is administered and managed by the PRDE. Because the early withdrawal of principal was caused by the Defendants' unlawful conduct, the PRDE's failure to reinstate Plaintiff resulted not only in immediate financial hardship, but in the permanent loss of long-term retirement security.

## IV. CAUSES OF ACTION

### Count I

**42 U.S.C. § 1983 – Violation of the Fourteenth Amendment (Procedural Due Process)**

**(Against Edgardo Rodríguez Rivera in his personal capacity)**

24. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

25. Plaintiff had a constitutionally protected property interest in his continued employment by virtue of his status as a permanent employee of the PRDE.

26. The Public Service Appeals Commission (CASP) issued a binding and final award on November 27, 2024, ordering Plaintiff's reinstatement and backpay. This decision was unchallenged and became final by operation of law.

27. Despite the existence of a final and enforceable administrative order, Defendant Rodríguez Rivera refused to implement the reinstatement, thereby continuing the deprivation of Plaintiff's protected employment interest without legal justification.

28. The refusal to comply with the CASP award was an act taken under color of state law and deprived Plaintiff of liberty and property without due process, in violation of the Fourteenth Amendment to the United States Constitution.

29. Defendant Rodríguez Rivera acted with deliberate indifference to Plaintiff's rights and prolonged the unlawful deprivation of Plaintiff's employment without cause.

30. As a direct and proximate result of this constitutional violation, Plaintiff suffered economic damages, emotional harm, reputational damage, and other compensable injuries.

**Count II**

**42 U.S.C. § 1983 – Violation of the Fourteenth Amendment (Equal Protection / Retaliation)**

**(Against Edgardo Rodríguez Rivera in his personal capacity)**

31. Plaintiff incorporates by reference all preceding paragraphs.

32. Defendant Rodríguez Rivera, while acting under color of law, treated Plaintiff differently from similarly situated employees in comparable circumstances.

33. Upon information and belief, other PRDE employees—some of whom had also prevailed in CASP proceedings—were reinstated promptly, while Plaintiff was singled out for continued exclusion.

34. The refusal to reinstate Plaintiff was **retaliatory** in nature, motivated by events surrounding Plaintiff's prior termination and possibly in reprisal for having successfully challenged the PRDE's actions.

35. Defendant's conduct lacked any rational basis and was undertaken with discriminatory intent and malice.

36. These actions constitute a violation of Plaintiff's right to equal protection of the laws under the Fourteenth Amendment.

37. As a result of this violation, Plaintiff suffered lost income, financial hardship, emotional distress, and related damages.

## Count III

### Violation of the Equal Pay Act, 29 U.S.C. § 206(d)

### (Against Puerto Rico Department of Education)

38. Plaintiff incorporates by reference all preceding paragraphs.

39. The Equal Pay Act prohibits employers from discriminating based on sex by paying employees at a rate less than that paid to employees of the opposite sex for equal work performed under similar conditions.

40. Plaintiff was a career public employee holding a permanent position as a theatre professor, with over 25 years of service at the time of his termination.

41. Following a successful appeal before the Public Service Appeals Commission, Plaintiff was entitled to reinstatement and the full payment of back wages and accrued benefits,

just like any other employee—regardless of sex—who had obtained a favorable ruling from the same body.

42. Upon information and belief, the PRDE has a pattern or practice of reinstating female employees more promptly and with fewer delays than their male counterparts, despite identical legal entitlements following successful administrative appeals.

43. These disparities extend to the timing and completeness of wage payments, benefits restoration, and the handling of reinstatement documentation. Plaintiff was singled out for unjustified delay, prolonged income deprivation, and loss of access to retirement benefits.

44. Although Plaintiff does not yet possess documents identifying comparators by name, he believes that discovery will reveal that similarly situated female employees were reinstated sooner, paid promptly, and suffered none of the long-term financial harm that befell him.

45. PRDE's failure to timely reinstate Plaintiff and issue compensation comparable to similarly situated employees of the opposite sex constitutes a constructive pay disparity within the meaning of the Equal Pay Act.

46. As a result, Plaintiff is entitled to recover all back wages owed during the period of unlawful delay, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## Count IV.

**Additional Compensatory Damages Arising from Forced Retirement Account Withdrawal**

**(Against Edgardo Rodríguez Rivera in his personal capacity)**

47. Plaintiff incorporates all preceding paragraphs by reference.

48. As a direct consequence of the unlawful delay in implementing the CASP award, Plaintiff was further deprived of his employment income for a prolonged period, despite having a legally enforceable right to reinstatement.

49. In order to survive financially during this time, Plaintiff was forced to prematurely withdraw principal from his retirement account, triggering federal tax penalties and irrevocable disqualification from receiving a monthly retirement annuity under the program administered by the PRDE.

50. The early withdrawal of Plaintiff's retirement funds was not a matter of personal financial mismanagement, but a direct and foreseeable result of the PRDE's and Defendant Rodríguez Rivera's unlawful refusal to reinstate him following a binding administrative order.

51. Defendant Rodríguez Rivera, acting with deliberate indifference and aware of the consequences of continued delay, knowingly deprived Plaintiff of his primary source of income for over eight months.

52. Given Plaintiff's age, length of service, and status as a career public servant, it was entirely predictable and unavoidable that prolonged noncompliance with the reinstatement order would compel him to liquidate retirement assets.

53. The resulting tax penalty and permanent loss of future annuity eligibility were natural, probable, and avoidable consequences of Rodríguez Rivera's intentional misconduct.

54. These harms were foreseeable consequences of the Defendants' continued refusal to reinstate Plaintiff, and directly attributable to conduct taken under color of law and in violation of Plaintiff's constitutional rights.

55. Plaintiff seeks compensation for: the tax penalties imposed; the actuarial value of the lost annuity; the loss of retirement security and future income; and the emotional harm resulting from the permanent financial impact of losing retirement eligibility.

### Count V.

### Punitive Damages

### (Against Edgardo Rodríguez Rivera in his personal capacity)

56. Plaintiff incorporates all preceding paragraphs by reference.

57. Defendant Rodríguez Rivera's conduct was malicious, willful, and in reckless disregard of Plaintiff's constitutional rights.

58. The prolonged refusal to reinstate Plaintiff after a binding order was not the result of negligence or administrative error, but of a deliberate and knowing decision to withhold reinstatement in retaliation for past protected activity and without lawful justification.

59. Defendant Rodríguez Rivera has engaged in similar conduct in the past, establishing a pattern of retaliatory noncompliance with administrative reinstatement orders, thereby compounding the egregiousness of his conduct.

60. Plaintiff is entitled to an award of punitive damages sufficient to punish and deter such conduct, as permitted under 42 U.S.C. § 1983.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff **Ubaldo Figueroa Rodríguez** respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and grant the following relief:

> A. **Compensatory damages** for lost wages, lost benefits, financial losses incurred as a result of the delay in reinstatement, and other economic harm;

B. **Front pay** to the extent reinstatement does not make Plaintiff whole for his future loss of earnings or advancement;

C. **Emotional distress damages** for mental anguish, anxiety, and suffering caused by Defendants' unlawful conduct;

D. **Liquidated damages** under the Equal Pay Act;

E. **Punitive damages** against Defendant Edgardo Rodríguez Rivera in his personal capacity for his malicious and reckless conduct;

F. **Attorney's fees and costs** pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 216(b);

G. **Any other relief** this Court deems just and proper.

## VI. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

In San Juan, Puerto Rico on this, the 15th day of September, in the year 2025.

**RESPECTFULLY SUBMITTED,**

/s/ **CARLOS E. MATOS**
Carlos E. Matos, Esq.
**USDC PR 309902**
PO Box 11249
San Juan PR 00922-1249
Tel: (787) 378-1002
Email: cemm787@gmail.com

/s/ **HUMBERTO COBO-ESTRELLA***
Humberto Cobo-Estrella, Esq.
**USDC-PR 230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

(*) Notice of appearance pending.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties of which counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through operation of the Court's CM/ECF system.

      *S/* Carlos E. Matos
      *Attorney for Plaintiff*